United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY D. RYAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 16-CV-00164-LHK<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND TO SET ASIDE JUDGMENT**<br><br>Re: Dkt. No. 75 |

Before the Court is Plaintiff's Motion for Reconsideration and to Set Aside Judgment. Having considered the Plaintiff's motion, the relevant law, and the record in this case, the Court DENIES Plaintiff's motion.

The Court incorporates by reference the long and detailed summary of the factual and procedural background as well as all of the legal and factual analysis in its April 12, 2018 Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment ("April 12, 2018 Order"). *See* ECF No. 73. On May 10, 2018, after the Court issued its April 12, 2018 Order, Plaintiff filed its Motion for Reconsideration and to Set Aside Judgment. *See* ECF No. 75 ("Mot."). On May 24, 2018, the United States filed its Opposition. ECF No. 76. Plaintiff replied on May 31, 2018. ECF No. 77.

1
Case No. 16-CV-00164-LHK
ORDER DENYING MOTION FOR RECONSIDERATION AND TO SET ASIDE JUDGMENT

A motion for reconsideration of summary judgment may appropriately be brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e), 60(b); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192, 107 L.Ed.2d 146 (1989)). The district court generally applies the same analysis under both rules, and its decision is reviewed for abuse of discretion. *See Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004) (discussing Rule 60(b)); *Fuller*, 950 F.2d at 1441 (discussing Rule 59(e)).

Under Rule 59(e), "reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); *see Snider v. Greater Nev. LLC*, 426 F. App'x 493, 495 (9th Cir. 2011). Under Rule 60(b), reconsideration is permitted upon a showing of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under the sixth category "requires a finding of 'extraordinary circumstances.'" *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (quoting *McConnell v. MEBA Med. & Benefits Plan*, 759 F.2d 1401, 1407 (9th Cir. 1985)).

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted). This Court has previously rejected motions pursuant to Rule 59(e) and 60(b) when the "arguments [were] either duplicative of arguments already previously made and carefully considered by the Court in its summary judgment ruling, or [were] based on facts and argument that could have been, but were not, raised during the summary judgment proceedings." *See Belinda K. v.*

2

*Baldovinos*, No. 10-CV-02507-LHK, 2012 WL 3249481, at *3 (N.D. Cal. Aug. 7, 2012). "[M]ere disagreement with the court's order does not provide a basis for reconsideration." *Durkee v. Ford Motor Co.*, No. C 14-0617 PJH, 2015 WL 1156765, at *2 (N.D. Cal. Mar. 13, 2015) (citing *Calderon*, 197 F.3d at 1256). In short, a motion for reconsideration "may not be used to relitigate old matters," *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

In the present motion, Plaintiff seeks reconsideration and relief from this Court's Summary Judgment Order ruling on five of her claims, asserting that the Court rendered a "clearly erroneous and unjust decision with respect to" Counts I–V. Mot. at 1. "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district court therefore does "not commit clear error when" the question before it is "a debatable one." *See McDowell*, 197 F.3d at 1256. Additionally, the Ninth Circuit has said that it is not an abuse of discretion to deny a motion for reconsideration "merely because the underlying order is erroneous, rather than clearly erroneous." *Id.* at 1255 n.4.

The Court finds that Plaintiff has failed to identify any material facts or dispositive legal arguments that the Court manifestly failed to consider in its April 12, 2018 Order. Instead, Plaintiff repeats the same arguments, evidence, and legal authority that Plaintiff raised in her summary judgment and opposition briefing and that the Court carefully considered in deciding both Plaintiff's and the United States' Motions for Summary Judgment.

For instance, as to Count IV, Plaintiff asserts that the Court erred by failing to consider her arguments and the material facts, including that she had reasonable cause not to pay due to the IRS's actions. ECF No. 75 at 17–18. However, the Court considered and rejected these arguments in its ruling on the Summary Judgment Motions. *See* ECF No. 73 at 28. Moreover, Plaintiff challenges the Court's reliance on its ruling on Counts I and II for its ruling on Count IV. Mot. at 17. However, because Count IV is premised on Counts I and II, such reliance is not erroneous. Furthermore, the Court also explained at length "other significant problems with Plaintiff's

3
Case No. 16-CV-00164-LHK
ORDER DENYING MOTION FOR RECONSIDERATION AND TO SET ASIDE JUDGMENT

1 reasonable cause claim" in its April 12, 2018 Order. *See* ECF No. 73 at 28–31. Plaintiff's arguments as to these other problems with Count IV equally lack merit. Thus, Plaintiff fails to show that the Court did not consider material facts and dispositive arguments as to Count IV.

Plaintiff also repeats the same evidence that Plaintiff already raised in her summary judgment briefing and that the Court already considered. For example, as to Count V, Plaintiff states that "[t]he Court clearly erred in disregarding [Plaintiff's] evidence that the IRS specifically represented to her and her husband that no additional penalties would be imposed." *See* Mot. at 20–21. But this was already before the Court and was considered by the Court in its determination to grant summary judgment in favor of the United States on Count V. The Court explicitly declined to consider extrinsic evidence, but also held that "even if it was appropriate to consider extrinsic evidence to determine the scope of the closing agreement, such evidence would not benefit Plaintiff." *See* ECF No. 73 at 35.

Plaintiff also re-raises interpretation of case law that was already considered. For example, in her argument for reconsideration of Count I, Plaintiff reasserts that *Alessio Azzari, Inc. v. C.I.R.*, is relevant and helpful to her case. *See* Mot. at 8 (citing 136 T.C. 178 (2011)). But the Court already considered Plaintiff's reliance on that case in its April 12, 2018 Order and determined the case was inapposite. ECF No. 73 at 18 n.1; *see also McDowell*, 197 F.3d at 1256 (stating that a district court does "not commit clear error when" the question before it is "a debatable one.").

Finally, Plaintiff argues that in its determination to grant summary judgment in favor of the United States on Count I, the Court should have considered IRC § 6325(d)(1) instead of § 6325(d)(2) to determine whether subordination is permitted. In particular, Plaintiff argues she relied upon (d)(1) and that (d)(1) requires less information than (d)(2), so Plaintiff could have more easily met the conditions of (d)(1). Mot. at 2–4. Plaintiff's argument, however, does not provide sufficient grounds for granting the motion for reconsideration. As the April 12, 2018 Order stated, the IRS has tremendous discretion to approve or deny a lien subordination application pursuant to IRC § 6325(d), regardless of subsection. *See* ECF No. 73 at 17–18 (citing *Morris v. C.I.R.*, 2016 WL 695385, at *7 (T.C. Feb. 4, 2016)). Given this, the Court concluded

4
Case No. 16-CV-00164-LHK
ORDER DENYING MOTION FOR RECONSIDERATION AND TO SET ASIDE JUDGMENT

that even if the conditions for subordination were fully met (pursuant to IRC § 6325(d)), the IRS was still not required to approve the Ryans' lien subordination application, "and thus the IRS's failure to approve the application cannot be deemed an abuse of discretion." *See id.*

The April 12, 2018 Order exhaustively analyzed all of Plaintiff's evidence and arguments and provided multiple bases for each of its summary judgment rulings. In the instant motion, Plaintiff merely repeats the same arguments she raised in the summary judgment briefing, but hopes for a different result. In sum, Plaintiff has not shown that the Court manifestly failed to consider material facts or dispositive legal arguments, nor has Plaintiff identified any other reason that her motion for reconsideration should be granted.

For the foregoing reasons, Plaintiff's Motion for Reconsideration and to Set Aside Judgment is DENIED. The case remains closed.

**IT IS SO ORDERED.**

Dated: September 18, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge